FILED IN CHAMBERS
U.S.D.C. Atlanta

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MAR 0 9 2011

JAMES N. HATTEN, Clerk
By: 
Deputy Clerk

**UNITED STATES OF AMERICA**

-vs-

**PASCAL C. VIEILLARD**

Case No. 1:10-CR-425-02-RWS

**Defendant's Attorney:
Thomas M. Findley**

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count Two of the Information.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 16 U.S.C. § 3372(a)(1) 16 U.S.C. § 3373(d)(2) | Importation of Wildlife Contrary to Law | 2 |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining counts are hereby dismissed without prejudice pursuant to Standing Order 07-04.

It is ordered that the defendant shall pay the special assessment of **$ 25.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. XXX-XX-4615
Defendant's Date of Birth: 1961
Defendant's Mailing Address:
Lilburn, Georgia 30047

Date of Imposition of Sentence: March 9, 2011

Signed this the ____ day of March, 2011.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

1:10-CR-425-02-RWS : PASCAL C. VIEILLARD

## PROBATION

The defendant is hereby placed on probation for a term of **three (3) years**.

It is further ordered that the defendant shall pay a **fine of $17,500.00** into the United States Fish and Wildlife Lacey Act Reward Account, care of Connie Saunders, 1875 Century Boulevard, Suite 320, Atlanta, Georgia 30345.
The fine shall be due immediately.

Any portion of the fine that is not paid in full immediately shall become a condition of probation and be paid at the monthly rate of at least $1000.00 per month.

While on probation, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his person, property(real, personal, or rental), residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

All A-440 Pianos, Inc., pianos imports must be brought through the port of Atlanta during any period of probation imposed by the Court.

## FORFEITURE

It is ordered that all of the defendant's right, title and interest in the property identified in the Preliminary Order of Forfeiture dated November 18, 2010, which is hereby incorporated by reference, is forfeited.

1:10-CR-425-02-RWS : PASCAL C. VIEILLARD

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation office;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependants and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer:

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 1 8 2010

JAMES N. HATTEN, Clerk
By: /s/
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INFORMATION |
| v. | : | NO. 1:10-CR-425-RWS |
| PASCAL C. VIEILLARD, | : | |
| Defendant. | : | |

### CONSENT PRELIMINARY ORDER OF FORFEITURE

The Court having accepted the guilty plea of the Defendant Pascal C. Vieillard to Count Two of the above-numbered Criminal Information, pursuant to which the Government sought forfeiture of certain property under 16 U.S.C. § 3374, and the Court having determined, based upon the Defendant's guilty plea, that the property described below is subject to forfeiture pursuant to 16 U.S.C. § 3374, that the Government has established the requisite nexus between said property and the offense charged in Count Two of the Criminal Information, and the Defendant having consented to this Consent Preliminary Order of Forfeiture becoming final as to him, being made a part of his sentence and being included in the judgment against him;

IT IS HEREBY ORDERED that the Defendant shall forfeit to the Government the following property, pursuant to 16 U.S.C. § 3374, as property deriving from wildlife possessed, transported, or sold in violation of any law, treaty, or regulation of the United States:

    a.    855 elephant ivory key tops, totaling 1,710 individual pieces of elephant ivory.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the above-listed property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Rule 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the

property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title or interest, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant. If no third party files a timely claim, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED this __18th__ day of __Nov.__, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
G. JEFFREY VISCOMI
ASSISTANT U.S. ATTORNEY
GEORGIA BAR NO. 289074
600 U.S. COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303
(404)581-6036 - PHONE
(404)581-6234 - FAX
jeffrey.viscomi@usdoj.gov

Consented to:

_____
Thomas M. Findley
Attorney for Defendant
Messer, Caparello & Self, P.A.
P.O. Box 15579
2618 Centennial Place
Tallahassee, Florida 32317
(850)222-0720
tfindley@lawfla.com